UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MANSOOR AHMAD and | : | |
| NAVEED AHMAD | : | |
| | : | |
| VS. | : | NO. 3:12cv1307(AWT) |
| | : | |
| YELLOW CAB COMPANY OF NEW | : | |
| LONDON AND GROTON, INC., | : | |
| CONNECTICUT DEPARTMENT OF | : | |
| TRANSPORTATION, and VEOLIA | : | |
| TRANSPORTATION SERVICES, INC. | : | NOVEMBER 19, 2012 |

**BRIEF IN OPPOSITION TO MOTION TO DISMISS OF
DEFENDANT VEOLIA TRANSPORTATION SERVICES, INC.**

The plaintiff Mansoor Ahmad alleges that he is an Asian who suffers from a dog phobia. He was a taxicab driver at Bradley International Airport who refused to take a passenger with a service dog. Veolia is a designated agent of the Connecticut Department of Transportation which operates, among other things, the taxicab line at the airport. Veollia's employee ordered the plaintiff Mansoor Ahmad to the back of the line, depriving him of income for several hours, while calling him a "bloody Asian."[1]

---

[1] "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). Those alleged facts, moreover, must be

1

Asserting that it was not the employer of the plaintiff Mansoor Ahmad,[2] the defendant Veolia Transportation has moved to dismiss the complaint as to itself for failure to state a claim.

The plaintiff withdraws Count Five, Count Six, Count Eleven and Count Twelve.

Count Sixteen, however, is not based on the plaintiff's employment status. Rather, Count Sixteen asserts that the defendant Veolia Transportation was acting "under color of law" because it was performing a governmental function for the Department of Transportation, and that in that capacity it subjected the plaintiff to disparate treatment because of his race. This governmental action violated the Equal Protection Clause of the Fourteenth Amendment and makes Veolia liable for the constitutional violation through 42 U.S.C. § 1983. *E.g.*, Demoret v. Zegarelli, 451 F.3d 140, 149 (2nd Cir. 2006) (hostile environment and disparate treatment on the basis of gender); Sherlock v. Montefiore Medical Center, 84 F.3d 522 (2nd Cir. 1996); De La Cruz v. New York City Human Resources Administration, 82 F.3d 16 (2nd Cir. 1996); Annis v. County of Westchester, 36 F.3d 251 (2nd Cir. 1994); Gierlinger v. New York State Police, 15

---

considered in the light most favorable to the non-moving party. Williams v. Avco Lycoming, 755 F. Supp. 47, 49 (D. Conn. 1991).

[2] The plaintiff Naveed Ahmad has not made any claim against this defendant.

F.3d 32 (2nd Cir. 1994); <u>Saulpaugh v. Monroe Community Hospital</u>, 4 F.3d 134 (2nd Cir. 1993).

The defendant Veolia Transportation has not addressed Count Sixteen and therefore its motion to dismiss is not applicable to the unique questions presented by that count.

Accordingly, as to Count Sixteen, the defendant Veolia's motion to dismiss must be denied.

Respectfully submitted:

/s/
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax:  203.776.9494
jrw@johnrwilliams.com
Plaintiffs' Attorney

<u>CERTIFICATION OF SERVICE</u>

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/
JOHN R. WILLIAMS