UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MANSOOR AHMAD and | : | |
| NAVEED AHMAD | : | |
| | : | |
| VS. | : | NO. 3:12cv1307(AWT) |
| | : | |
| YELLOW CAB COMPANY OF NEW | : | |
| LONDON AND GROTON, INC., | : | |
| CONNECTICUT DEPARTMENT OF | : | |
| TRANSPORTATION, and VEOLIA | : | |
| TRANSPORTATION SERVICES, INC. | : | NOVEMBER 24, 2012 |

**BRIEF IN OPPOSITION TO YELLOW CAB'S MOTION TO DISMISS**

    The defendant Yellow Cab Company of New London and Groton, Inc., has filed a peculiar document, called a "Motion to Dismiss" pursuant to F. R. Civ. P. 12(b)(6), but attaching a large quantity of documents and grounded on factual assertions not contained anywhere in the Complaint. In reality, Yellow Cab is trying to make a Motion for Summary Judgment before discovery has even been conducted. That is entirely improper. Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2nd Cir. 1989); Berger v. United States, 87 F.3d 60, 65 (2nd Cir. 1996); McKinley v. City of Mansfield, 404 F.3d 418, 443 (6th Cir. 2005); Doe v. Batson, 548 S.E.2d 854 (S.C. 2001). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded

1

the opportunity to conduct discovery."  Hellstrom v. United States Dept. of Veterans Affairs, 201 F.3d 94, 97 (2nd Cir. 2000).

A motion to dismiss pursuant to Rule 12(b)(6) can be granted only when "it appears beyond a doubt" that a complaint fails to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The motion must be decided solely on the face of the complaint.  Goldman v. Belden, 754 F.2d 1059, 1065-66 (2nd Cir. 1985).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007).  Those alleged facts, moreover, must be considered in the light most favorable to the non-moving party.  Williams v. Avco Lycoming, 755 F. Supp. 47, 49 (D. Conn. 1991). Dismissal may not be granted "unless 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Feiner v. SS & C Technologies, 11 F. Supp.2d 204, 207 (D. Conn. 1998), quoting I. Meyer Pincus & Associates v. Oppenheimer & Co., 936 F.2d 759, 762 (2nd Cir. 1991).  "Dismissal is 'appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  E & L Consulting, Ltd. v. Doman Industries Limited, 472 F.3d 23, 28 (2nd Cir. 2006); Friedl v. City of New York, 210 F.3d 79, 83 (2nd Cir. 2000); Harris

2

v. City of New York, 186 F.3d 243, 250 (2nd Cir. 1999); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations...." Cruz v. Gomez, 202 F .3d 593, 597 (2nd Cir. 2000), quoting Chance v. Armstrong, 143 F.3d 698, 701 (2nd Cir. 1998). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Wright v. Ernst & Young, LLP, 152 F.3d 169, 173 (2nd Cir. 1998).

"Generally, while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Instead, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). What is required are enough facts to state a claim to relief that is plausible on its face. In the words of the Supreme Court's most recent iteration of this standard, '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 (2nd Cir. 2010).

(Citations, quotation marks and elipses omitted.) "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).

With respect to Yellow Cab, the Complaint makes the following allegations:

> 1. This is an action for brought by two citizens and residents of the State of New York against citizens and residents of the State of Connecticut. The amount in dispute, exclusive of interest and costs, is greater than seventy-five thousand dollars ($75,000).
>
> 2. Jurisdiction of this court is invoked under the provisions of Title 28, Section 1332, of the United States Code, and Sections1331, 1343(3), 1367(a) and 2201(a) of Title 28 and Sections 1981 and 2000e of Title 42 of the United States Code.
>
> 3. The plaintiffs are citizens and residents of the State of New York. At the times mentioned herein, they lived and worked in the State of Connecticut and specifically were taxicab drivers employed by the defendant Yellow Cab Company of New London and Groton, Inc., at the Bradley International Airport in Windsor Locks, Connecticut. They held certificates permitting them to work at the said airport, issued by the defendant Connecticut Department of Transportation. The plaintiff Naveed Ahmad is the father of the plaintiff Mansoor Ahmad.

4. The defendant Yellow Cab Company of New London and Groton, Inc., is a Connecticut Corporation having its principal place of business in Waterford, Connecticut. It is an employer within the meaning of the Connecticut Fair Employment Practices Act and the Americans with Disabilities Act.

7. The plaintiffs filed complaints of discrimination against all defendants with the Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission concerning the matters hereinafter delineated, and received less than 90 days ago Releases of Jurisdiction from the Connecticut Commission on Human Rights and Opportunities and Right to Sue Letters from the United States Equal Employment Opportunity Commission. Thus, they have exhausted all their administrative remedies.

8. The plaintiff Mansoor Ahmad suffers from a disability, to wit, dog phobia/simple phobia, which precludes him from engaging in many major life activities unless afforded the reasonable accommodation of having no contact with dogs. This fact was known to the defendants at the times they took against him and against his father the adverse actions described below.

9. On June 10, 2011, the plaintiffs were in the taxi line at the Bradley International Airport waiting their turns to pick up passengers. A passenger with a large service dog was assigned to Mansoor Ahmad by Judith McCarthy, a dispatcher employed by the defendants Department of Transportation and Veola Transportation Services, Inc. The plaintiff explained to Ms. McCarthy that his phobia prevented him from taking that passenger. She ordered the plaintiff to take the passenger, shouting at him and calling him a "bloody Asian."

12. The plaintiff Mansoor Ahmad was thereupon terminated from his employment by the defendants and his certificate was revoked by the Department of Transportation without notice or hearing.

13. The plaintiff Naveed Ahmad objected to the adverse

actions against his son, explaining that his son suffered from the above-described disability which prevented him from transporting a large service dog.  In retaliation for his objections, the defendants also terminated his employment and the Department of Transportation revoked his certificate without notice or hearing.

14.  As a result, both defendants have suffered economic losses and emotional distress.

**Count One**

In the manner described above, the defendant Yellow Cab Company of New London and Groton, Inc., discriminated against the plaintiff Mansoor Ahmad because of his disability and refused to provide him with a reasonable accommodation of his said disability, in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60, *et seq.*

**Count Two**

In the manner described above, the defendant Yellow Cab Company of New London and Groton, Inc., retaliated against the plaintiff Naveed Ahmad because of his opposition to unlawful employment discrimination, in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60, *et seq.*

**Count Seven**

In the manner described above, the defendant Yellow Cab Company of New London and Groton, Inc., discriminated against the plaintiff Mansoor Ahmad because of his disability and refused to provide him with a reasonable accommodation of his said disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.*

**Count Eight**

In the manner described above, the defendant Yellow Cab Company of New London and Groton, Inc., retaliated against the

plaintiff Naveed Ahmad because of his opposition to unlawful
employment discrimination, in violation of the Americans with
Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.*

Yellow Cab, to the extent that its arguments can be considered in a Rule 12(b)(6) motion, argues that the plaintiffs have not pled sufficient facts to support a claim of discrimination because of disability and a claim of retaliation for opposing unlawful discrimination. The defendant's principal claim – that it was not the defendants' employer – cannot succeed on a Rule 12(b)(6) motion because the Complaint plainly and clearly alleges that it was the plaintiffs' employer and that it terminated their employment. Yellow Cab wants to engage in a nuanced debate about whether the plaintiffs were employees or independent contractors, but that debate will have to be conducted after discovery on a motion for summary judgment. It cannot be conducted on the face of this complaint.

Has the plaintiff Mansoor Ahmad pled sufficient facts to establish that he is "disabled" within the meaning of the ADA under the rule of *Twombley*? Obviously, he has. He has not merely asserted that he has a disability; he names that disability and delineates its symptoms. Those symptoms caused an event to happen in the taxi line at Bradley Airport. Immediately thereafter, he and his father protested. As a result, the defendant fired both him and his father.

7

Yellow Cab's motion to dismiss is entirely without merit and is, in fact, misplaced procedurally. It must be denied.

Respectfully submitted:

/s/
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com
Plaintiffs' Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
JOHN R. WILLIAMS