UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MANSOOR AHMAD and : | |
| NAVEED AHMAD : | |
| : | |
| VS. : | NO. 3:12cv1307(AWT) |
| : | |
| YELLOW CAB COMPANY OF NEW : | |
| LONDON AND GROTON, INC., : | |
| CONNECTICUT DEPARTMENT OF : | |
| TRANSPORTATION, and VEOLIA : | |
| TRANSPORTATION SERVICES, INC. : | DECEMBER 16, 2012 |

**BRIEF IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANT**
**CONNECTICUT DEPARTMENT OF TRANSPORTATION**

     Insofar as it concerns the defendant Connecticut Department of Transportation, the Complaint in this action makes the following allegations:

     3.  The plaintiffs are citizens and residents of the State of New York.  At the times mentioned herein, they lived and worked in the State of Connecticut and specifically were taxicab drivers employed by the defendant Yellow Cab Company of New London and Groton, Inc., at the Bradley International Airport in Windsor Locks, Connecticut.  They held certificates permitting them to work at the said airport, issued by the defendant Connecticut Department of Transportation.  The plaintiff Naveed Ahmad is the father of the plaintiff Mansoor Ahmad.

     5.  The defendant Connecticut Department of Transportation is a branch of the government of the State of Connecticut.  At all pertinent times it was the recipient of federal funds for the operation of its programs.  It is an employer within the meaning of

1

the Connecticut Fair Employment Practices Act and the Rehabilitation Act of 1973, and at all times mentioned herein was acting under color of law.

7.  The plaintiffs filed complaints of discrimination against all defendants with the Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission concerning the matters hereinafter delineated, and received less than 90 days ago Releases of Jurisdiction from the Connecticut Commission on Human Rights and Opportunities and Right to Sue Letters from the United States Equal Employment Opportunity Commission. Thus, they have exhausted all their administrative remedies.

8.  The plaintiff Mansoor Ahmad suffers from a disability, to wit, dog phobia/simple phobia, which precludes him from engaging in many major life activities unless afforded the reasonable accommodation of having no contact with dogs.  This fact was known to the defendants at the times they took against him and against his father the adverse actions described below.

9.  On June 10, 2011, the plaintiffs were in the taxi line at the Bradley International Airport waiting their turns to pick up passengers.  A passenger with a large service dog was assigned to Mansoor Ahmad by Judith McCarthy, a dispatcher employed by the defendants Department of Transportation and Veola Transportation Services, Inc.  The plaintiff explained to Ms. McCarthy that his phobia prevented him from taking that passenger.  She ordered the plaintiff to take the passenger, shouting at him and calling him a "bloody Asian."

10.  Ms. McCarthy ordered the plaintiff to take his taxicab to the back of the line and summoned police.  The passenger was assigned to the next cab in line.

11.  By ordering the plaintiff to the end of the line, instead of permitting him to take the next passenger, Ms. McCarthy caused him to suffer substantial economic loss because typically cabs must wait in line for hours before reaching the front of the line.

12. The plaintiff Mansoor Ahmad was thereupon terminated from his employment by the defendants and his certificate was revoked by the Department of Transportation without notice or hearing.

13. The plaintiff Naveed Ahmad objected to the adverse actions against his son, explaining that his son suffered from the above-described disability which prevented him from transporting a large service dog. In retaliation for his objections, the defendants also terminated his employment and the Department of Transportation revoked his certificate without notice or hearing.

14. As a result, both defendants have suffered economic losses and emotional distress.

**Count Three**

In the manner described above, the defendant Connecticut Department of Transportation discriminated against the plaintiff Mansoor Ahmad because of his disability and refused to provide him with a reasonable accommodation of his said disability, in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60, *et seq.*

**Count Four**

In the manner described above, the defendant Connecticut Department of Transportation retaliated against the plaintiff Naveed Ahmad because of his opposition to unlawful employment discrimination, in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60, *et seq.*

**Count Nine**

In the manner described above, the defendant Connecticut Department of Transportation discriminated against the plaintiff Mansoor Ahmad because of his disability and refused to provide him with a reasonable accommodation of his said disability, in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.

§§ 794, *et seq.*

**Count Ten**

In the manner described above, the defendant Connecticut Department of Transportation retaliated against the plaintiff Naveed Ahmad because of his opposition to unlawful employment discrimination, in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, *et seq.*

**Count Thirteen**

In the manner described above, the defendant Connecticut Department of Transportation deprived the plaintiff Mansoor Ahmad of equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

**Count Fourteen**

In the manner described above, the defendant Connecticut Department of Transportation deprived the plaintiff Mansoor Ahmad of procedural due process, in violation of the Fourteenth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

**Count Fifteen**

In the manner described above, the defendant Connecticut Department of Transportation deprived the plaintiff Naveed Ahmad of procedural due process, in violation of the Fourteenth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

The plaintiffs seek both money damages and injunctive relief.

The Department of Transportation has moved to dismiss on various

grounds, some meritorious and some not, and each will be discussed.

**Standard for Motions to Dismiss**

The applicable law for evaluating complaints challenged by a Rule 12(b)(6) motion is familiar.  A motion to dismiss pursuant to Rule 12(b)(6) can be granted only when "it appears beyond a doubt" that a complaint fails to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The motion must be decided solely on the face of the complaint.  Goldman v. Belden, 754 F.2d 1059, 1065-66 (2nd Cir. 1985).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Those alleged facts, moreover, must be considered in the light most favorable to the non-moving party.  Williams v. Avco Lycoming, 755 F. Supp. 47, 49 (D. Conn. 1991).  Dismissal may not be granted "unless 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Feiner v. SS & C Technologies, 11 F. Supp.2d 204, 207 (D. Conn. 1998), quoting I. Meyer Pincus & Associates v. Oppenheimer & Co., 936 F.2d 759, 762 (2nd Cir. 1991).  "Dismissal is 'appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief.'"   E & L Consulting, Ltd. v. Doman Industries Limited, 472 F.3d 23, 28 (2nd Cir. 2006); Friedl v. City of New York, 210 F.3d 79, 83 (2nd Cir. 2000); Harris v. City of New York, 186 F.3d 243, 250 (2nd Cir. 1999); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "This rule applies with particular force where the plaintiff alleges civil rights violations...."  Cruz v. Gomez, 202 F .3d 593, 597 (2nd Cir. 2000), quoting Chance v. Armstrong, 143 F.3d 698, 701 (2nd Cir. 1998).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Wright v. Ernst & Young LLP, 152 F.3d 169, 173 (2nd Cir. 1998).

"Generally, while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Instead, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).  What is required are enough facts to state a claim to relief that is plausible on its face.  In the words of the Supreme Court's most recent iteration of this standard, '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"

Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 (2nd Cir. 2010). (Citations, quotation marks and elipses omitted.)  "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing].  And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).

**Counts Three and Four**

The plaintiffs agree that Counts Three and Four have been brought in the incorrect forum.  They should be dismissed without prejudice to refiling in the Connecticut Superior Court for the Judicial District of Hartford.

**Counts Nine and Ten**

Counts Nine and Ten allege violations of the Rehabilitation Act.  It is not disputed that this court has jurisdiction to hear those claims.  *E.g.*, Dunion v. Thomas, 457 F. Supp. 2d 119, 121-22 (D. Conn. 2006).  The defendant, however, asserts that the allegations of the Complaint are insufficient to state a claim because (1) Mansoor Ahmad is not disabled and (2) the DOT was not his

7

employer.

The plaintiff Mansoor Ahmad's complaint expressly alleges that he suffers from "dog phobia," a condition which is alleged to affect many of his major life activities. He expressly stated that fact to the DOT's agent and employee,[1] Ms. McCarthy, and in response she ordered him to the end of the taxicab line and set in motion a chain of events leading to the termination of his employment. In particular, the Complaint alleges that the plaintiff Mansoor Ahmad's disability prevented him from transporting passengers with dogs. For him, that was a major life activity. Moreover, the defendant easily could have accommodated it simply by waiving the requirement that he transport passengers with service dogs.

Whether the DOT issued paychecks to either of the plaintiffs certainly is not dispositive of the Rehabilitation Act claim. The actions of the DOT, based upon the disability of the plaintiff Mansoor Ahmad, directly caused termination of the employment of both plaintiffs – Mansoor Ahmad because of his disability and Naveed Ahmad because he opposed the disability discrimination against his son.

The Complaint alleges sufficient specific facts to survive the defendant's Rule 12(b)(6) motion.

---

[1] The Complaint expressly alleges that she was a DOT employee.

**Counts Thirteen, Fourteen and Fifteen**

The DOT moves to dismiss the plaintiffs' due process and equal protection claims on the ground that, as an arm of the State of Connecticut, it cannot be sued for money damages under 42 U.S.C. § 1983. This lawsuit, however, seeks prospective injunctive relief as well. The plaintiffs agree that the court cannot order the DOT to award them money damages under their Section 1983 claims. But the court clearly has the power to award prospective injunctive relief to the plaintiffs against the DOT for violation of their procedural due process and equal protection rights. In this case, that relief certainly would include providing them with the *Loudermill* hearing they were denied when their state licenses were taken away from them. *E.g.*, Ex parte Young, 209 U.S. 123 (1908); Verizon Maryland, Inc. v. Public Service Commission, 535 U. S. 635 (2002); Rosie D. v. Swift, 310 F.3d 230 (1st Cir. 2002); Huang v. Johnson, 251 F.3d 65 (2nd Cir. 2001); Kostok v. Thomas, 105 F.3d 65 (2nd Cir. 1997); Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 178 (3rd Cir. 2002) (injunction against violating Title I of the ADA); Antrican v. Odom, 290 F.3d 178 (4th Cir. 2002); CSX Transportation, Inc. v. Board of Public Works of the State of West Virginia, 138 F.3d 537 (4th Cir. 1998); Warnock v. Pecos County, 88 F.3d 341 (5th Cir. 1996); Neuwirth v. Louisiana State Board of Dentistry, 845 F.2d 553 (5th Cir. 1988); MacDonald v. Village of Northport, 164 F.3d 964, 970-71 (6th Cir.

1999); Futernick v. Sumpter Township, 78 F.3d 1051 (6th Cir. 1996); Vickery v. Jones, 100 F.3d 1334, 1346 (7th Cir. 1996); Gibson v. Arkansas Dept. of Correction, 265 F.3d 718 (8th Cir. 2001) (ADA injunction); Randolph v. Rodgers, 253 F.3d 342 (8th Cir. 2001); Andrus v. Arkansas, 197 F.3d 953 (8th Cir. 1999); Porter v. Jones, 319 F.3d 483 (9th Cir. 2003); Hason v. Medical Board of California, 279 F.3d 1167 (9th Cir. 2002); Culinary Workers Union v. Del Papa, 200 F.3d 614 (9th Cir. 1999); Rounds v. Oregon State Board of Higher Education, 166 F.3d 1032 (9th Cir. 1999); Sofamor Danek Group, Inc. v. Brown, 124 F.3d 1179 (9th Cir. 1997); Ashmus v. Calderon, 123 F.3d 1199 (9th Cir. 1997); Cornforth v. University of Oklahoma Board of Regents, 263 F.3d 1129, 1134 (10th Cir. 2001) (prospective injunction requiring defendant to comply with FMLA); Roe No. 2 v. Ogden, 253 F.3d 1235 (10th Cir. 2001); Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1197-98 (10th Cir. 1998); Summit Medical Associates v. Pryor, 180 F.3d 1326 (11th Cir. 1999); Cross v. State of Alabama, 49 F.3d 1490 (11th Cir. 1995); DeLoreto v. Ment, 944 F. Supp. 1023 (D. Conn. 1996); Johnson v. Meachum, 839 F. Supp. 953 (D. Conn. 1993) (Cabranes, C.J.); DeCarlo v. Perales, 963 F. Sup. 175 (N.D.N.Y. 1997).

    In employment actions, injunctive relief can include reinstatement. Treleven v. University of Minnesota, 73 F.3d 816 (8th Cir. 1996). Prospective injunctive relief which has only "an incidental or ancillary effect on the state

treasury will be allowed." Thomson v. Harmony, 65 F.3d 1314, 1320 (6th Cir. 1995), citing Edelman v. Jordan, 415 U.S. 65, 668 (1974); Quern v. Jordan, 440 U.S. 332, 347-49 (1979).

**Conclusion**

The plaintiffs' Fair Employment Practice Act claims should be transferred to the Connecticut Superior Court.  Their Rehabilitation Act claims should proceed to trial.  Their Fourteenth Amendment claims should proceed to trial as equitable actions seeking injunctive relief.  The defendant DOT's motion to dismiss should be denied.

Respectfully submitted:

/s/
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax:  203.776.9494
jrw@johnrwilliams.com
Plaintiffs' Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                    /s/
                                  JOHN R. WILLIAMS