UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MANSOOR AHMAD and | : | CIVIL NO. 3:12CV1307(AWT) |
| NAVEED AHMAD | : | |
| *Plaintiffs* | : | |
| | : | |
| v. | | |
| | : | |
| YELLOW CAB COMPANY OF | : | |
| NEW LONDON AND GROTON, INC., | : | |
| CONNECTICUT DEPARTMENT OF | : | |
| TRANSPORTATION, and VEOLIA | : | |
| TRANSPORTATION SERVICES, INC. | : | December 18, 2012 |
| *Defendants* | | |

**DEFENDANT DOT'S REPLY MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS**

The defendant, State of Connecticut Department of Transportation ("DOT"), hereby files this reply memorandum in support of its motion to dismiss.

**I. Plaintiffs Have Not Alleged Any Facts to Suggest that DOT was Their Employer**

Plaintiffs alleged that DOT "is an employer with the meaning of the . . . . the Rehabilitation Act of 1973. . . ." Paragraph 5 of their complaint. Moreover plaintiffs state "the court clearly has the power to award prospective injunctive relief" . . . and that "in employment actions injunctive relief can include reinstatement." See pages 9, 10 of their memorandum in opposition to the motion to dismiss. However, plaintiffs have failed to allege any facts and cannot allege any facts to suggest that DOT was their employer. To the contrary, plaintiffs seemingly concede that DOT did not pay them. See page 8 of their brief.[1] Accordingly, defendant DOT's motion to dismiss should be granted.

---

[1] Plaintiff states "Whether the DOT issued paychecks to either of the plaintiffs certainly is not dispositive of the Rehabilitation Act claim."

## II. Dog Phobia Is Not a Disability Under the Rehabilitation Act

Similarly, plaintiffs have failed to cite even one case supporting their claims that "dog phobia" is a disability for purposes of the Rehabilitation Act. Section 504 of the Rehabilitation Act provides, in pertinent part, that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a). Since "[s]ection 504 of the Rehabilitation Act and the [Americans With Disabilities Act (the "ADA") ] impose identical requirements," Rodriguez v. City of New York, 197 F.3d 611, 618 (2d Cir.1999), cert denied, 531 U.S. 864, 121 S. Ct. 156, 148 L.Ed.2d 104 (2000), a court may look to the ADA when interpreting Section 504.

A fear of dogs does not qualify as a disability for purposes of the ADA. Liles v. Inc. Revetaw, 2010 WL 3155978 (D. Virgin Islands 2010) citing Calhoun v. Foodarama Supermarkets, Inc., No. 07-0999, 2008 WL 46918846, at *4 (D.N.J. Oct. 22, 2008) (finding the argument a cat phobia constituted disability under ADA was "tenuous at best"). In the case at bar, to hold otherwise, would be at odds with the spirit and intent of the ADA. More specifically, the legislative history indicates that the ADA concerned itself with individuals who themselves would be unable to function as effectively if denied access to their service dog. See Johnson v. Gambrinus Company/Spoetzl Brewery, 116 F.3d 1052, 1061 n. 6 (5th Cir.1997). The legislative history indicates that the ADA intended to combat discrimination faced by individuals who relied upon their service animal. See H.R. Rep. No. 485(II), 101st Congress, 2d Sess. 106 (1990), *reprinted in,* 1990 U.S.C.C.A.N. 303, 389 ("Refusal to admit the dog in [some] circumstances is tantamount to refusing to admit the person who is in need of the dog). In this same vein, Regulations of Connecticut State Agencies §13b-96-26 prohibits a taxi driver from

refusing taxi cab services to a person with a service animal. In this case, plaintiff Mansoor Ahmad refused to accept a passenger with a service animal. He now attempts to justify this refusal by claiming he himself is disabled because he suffers from "dog phobia." Because, as a matter of law, dog phobia cannot be deemed to be a disability for purposes of a Rehabilitation Act claim, Counts Nine and Ten must be dismissed.

### III.     Plaintiff Cannot Recoup Money Damages for Retaliation

Moreover, plaintiff Naveed Ahmad's retaliation claims should also be dismissed. As a preliminary matter, under the law, he cannot obtain monetary damages for the alleged retaliation under the Rehabilitation Act.

Section 504 of the Rehabilitation Act, contains provisions prohibiting retaliation that are similar to the ADA's anti-retaliation provisions. 29 U.S.C. § 794. Retaliation claims brought under section 504 are evaluated under the same standards as those brought under the ADA. Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir.2002) (citing Weixel v. Board of Educ. of the City of New York, 287 F.3d 138, 148-49 (2d Cir.2002) (elements of a retaliation claim under the Rehabilitation Act are the same as under the ADA)); Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224, 234 (2d Cir.2000).

The plain language of the retaliation statute, 42 U.S.C. §§ 12203(c) as discussed in recent authority makes clear that the only relief available to a plaintiff for a retaliation claim is injunctive relief.

> Several courts have held that, perhaps because of Congressional oversight, the ADA does not allow for recovery of punitive or compensatory damages for a violation of its anti-retaliation provisions. See Alvarado v. Cajun Operating Co., 588 F.3d 1261, 1269–70 (9th Cir.2009) ("We hold, as did the Seventh Circuit in Kramer, that the plain and unambiguous provisions of 42 U.S.C. § 1981a limit the availability of compensatory and punitive damages to those specific ADA claims listed. ADA retaliation is not on the list."); Kramer v. Banc of America Securities, LLC, 355 F.3d 961 (7th Cir.2004), cert. denied, 542 U.S. 932, 124 S. Ct. 2876,

>159 L.Ed.2d 798 (2004) (holding that a plaintiff can only recover equitable relief for a retaliation claim under the ADA); Infantolino, 582 F.Supp.2d at 362 ("I ... conclude that compensatory and punitive damages are not available for claims brought pursuant to the anti-retaliation provisions of the ADA .... Though I have little doubt that this gap in the remedies available to ADA retaliation plaintiffs is the product of congressional oversight rather than congressional design, I am equally confident that only Congress can properly fill it."); Sink v. Wal–Mart Stores, 147 F.Supp.2d 1085, 1101 (D.Kan.2001) ("While the court can discern no logic in a rule that precludes an award of compensatory and punitive damages in an ADA retaliation case when such damages are available in Title VII retaliation cases, the court is nonetheless confined to the construction of the statute."); see also 2 Americans With Disab. Pract. & Compliance Manual § 7:442 (West. 2012) ("Punitive damages are not available for a violation of the ADA's retaliation provision (42 U.S.C.A. § 12203)."); but see Muller v. Costello, 187 F.3d 298 (2d Cir.1999) (upholding a compensatory damages award under the ADA's anti-retaliation provision without analyzing the issue); Lovejoy–Wilson v. Noco Motor Fuels, Inc., 242 F.Supp.2d 236, 241 (W.D.N.Y.2003) (holding that compensatory and punitive damages are available to remedy an employer's retaliation based on a prior complaint of disability discrimination); Edwards v. Brookhaven Sci. Assocs., LLC, 390 F.Supp.2d 225, 234 (E.D.N.Y.2005) (allowing compensatory damages for ADA retaliation based on Muller).

Robinson v. Purcell Construction Company, 859 F.Supp.2d 245, 264 (N.D.N.Y. 2012)(Noting that it appears to be "an open question in this circuit" whether a plaintiff can seek punitive or compensatory damages for a violation of the anti-retaliation provisions under the plain language of the statute citing Infantolino v. Joint Industry Bd. of Elec. Industry, 582 F.Supp.2d 351, 362 (E.D.N.Y.2008)).  In Infantino the court held:

>The most persuasive argument that such damages are not recoverable, endorsed by the Seventh Circuit in Kramer v. Banc of Am. Sec., LLC, 355 F.3d 961 (7th Cir.2004), appears in Brown v. City of Lee's Summit, 1999 WL 827768 (W.D.Mo.1999) (unreported decision): Plaintiff's claim for retaliation under the ADA arises under 42 U.S.C. § 12203. The Court finds no basis in the statutory language to support the availability of compensatory and punitive damages for plaintiff's retaliation claim. In the employment context, section 12203 incorporates the remedies set forth in section 12117. Section 12117 in turn adopts the remedies set forth in Title VII of the Civil Rights Act of 1964, and, in particular, 42 U.S.C. § 2000e-5. Section 2000e-5 does not authorize compensatory or punitive damages. Furthermore, the Civil Rights Act of 1991, which does [at 42 U.S.C. § 1981a(a)(2) ] authorize compensatory and punitive damages for violation of certain enumerated ADA sections, does not list the ADA's retaliation provision, 42 U.S.C. § 12203. Thus, ***a meticulous tracing of***

4

> ***the language of this tangle of interrelated statutes reveals no valid basis for plaintiff's claim of compensatory and punitive damages in his ADA retaliation claim.. . . . compensatory and punitive damages are not available for retaliation claims pursuant to 42 U.S.C. §12203.***

Infantolino v. Joint Industry Bd. of Elec. Industry, 582 F.Supp.2d at 362 (emphasis added).

To the extent that plaintiff Mansoor Ahmad seeks monetary damages for his retaliation claims in the Tenth Count, said claims must be dismissed.

### Plaintiffs Do Not Have Standing to Receive Injunctive Relief

Likewise, plaintiffs do not have standing to obtain injunctive relief. Indeed, in order to have Article III standing for injunctive relief a party must "establish a real and immediate threat" that he will suffer a future injury. Brown v. Fauver, 819 F.2d 395, 400 (E.D.Pa.1987) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 105, 103 S. Ct. 1660, 75 L.Ed.2d 675 (1983)). As the Supreme Court held in Lyons, "[injunctive relief] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" 461 U.S. at 111 (quoting O'Shea v. Littleton, 414 U.S. 488, 502, 94 S. Ct. 669, 38 L.Ed.2d 674 (1974)).

The plaintiffs must establish that "the alleged threats of irreparable harm are not remote or speculative but are actual and imminent." New York v. Nuclear Regulatory Commission, 550 F.2d 745, 775 (2d Cir. 1977).

Both plaintiffs allege that they are citizens and residents of the State of New York.[2] Plaintiffs have not alleged any facts and cannot allege any facts suggesting that will be irreparably injured unless injunctive relief issues in this case. Indeed, plaintiffs fail to specify in

5

their complaint exactly what type of injunctive relief they are seeking.[3] The plaintiffs' memorandum in opposition to the motion to dismiss does not shed much more light on the issue. Rather, plaintiffs state only that the court has the power to order prospective injunctive relief and that in employment actions, injunctive relief can include reinstatement. However, to the extent that plaintiffs seek reinstatement in the "employment context," DOT was never their employer and thus cannot reinstate them. Therefore to the extent, plaintiffs do seek injunctive relief, their complaint is legally insufficient and defendant DOT's motion to dismiss should be granted.

V.  **CONCLUSION**

For the foregoing reasons, and those set forth in its December 13, 2012 memorandum the defendant DOT moves for dismissal of Counts Three, Four, Nine, Ten, Thirteen, Fourteen and Fifteen pursuant to Fed. R. Civ. P. 12.

DEFENDANT,

DEPARTMENT OF TRANSPORTATION

GEORGE JEPSEN
ATTORNEY GENERAL

BY: /s/ Ann E. Lynch
Ann E. Lynch
Assistant Attorney General
55 Elm Street - P. O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax:  (860) 808-5383
E-Mail: Ann.Lynch@ct.gov
Federal Bar # ct08326

---

[2] Plaintiffs are both apparently working as taxi drivers in New York.
[3] In their prayer for relief, plaintiffs seek money damages and "such equitable relief as this court shall deem to be fair and reasonable." Complaint page 9.

## CERTIFICATION

I hereby certify that on December 18, 2012 a copy of the foregoing Reply Memorandum of Law in Support of Motion to Dismiss was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Ann E. Lynch
      Ann E. Lynch (ct # 08326)
      Assistant Attorney General
      55 Elm Street, P.O. Box 120
      Hartford, CT 06141-0120
      Tel.: (860) 808-5340
      Fax: (860) 808-5383
      E-mail: Ann.Lynch@ct.gov

4205454