UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
MANSOOR AHMAD and NAVEED AHMAD,     :     CIVIL ACTION NO. 3:12-CV-1307
:     (AWT)
Plaintiffs,     :
:
- vs. -     :
:
YELLOW CAB COMPANY OF NEW LONDON     :
AND GROTON, INC., CONNECTICUT     :
DEPARTMENT OF TRANSPORTATION, and     :
VEOLIA TRANSPORTATION SERVICES, INC.,     :     April 3, 2013
:
Defendants.     :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

| | |
|---|---|
| Date Complaint was Filed: | September 11, 2012 |
| Date Complaint Served on Defendant Yellow Cab Company of New London and Groton, Inc. ("Yellow Cab"): | September 13, 2012 |
| Date Complaint Served on Defendant Connecticut Department of Transportation ("DOT"): | September 14, 2012 |
| Date Complaint Served on Defendant Veolia Transportation Services, Inc. ("Veolia"): | September 14, 2012 |
| Date of Defendant Yellow Cab's Appearance: | September 18, 2012 |
| Date of Defendant DOT's Appearance: | November 14, 2012 |
| Date of Defendant Veolia's Appearance: | October 2, 2012 |

Pursuant to Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f) and D. Conn. L. Civ. R. 16, a conference was held by means of exchange of written drafts from approximately March 27, 2013 through the date of filing of this report. The participants were: **John R. Williams, Esq.** for Plaintiffs; **Mary Alice Moore Leonhardt, Esq.** for Defendant Yellow Cab; **Ann E. Lynch, Esq.** for Defendant DOT; and **Michael Tiliakos, Esq. and Megan Youngling Carannante, Esq.** for Defendant Veolia.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.

## II. JURISDICTION

A. *Subject Matter Jurisdiction*

Plaintiffs assert that this Court has subject matter jurisdiction over this dispute pursuant to Title 28, Section 1332, of the United States Code; Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 of the United States Code; and Sections 1981 and 2000e of Title 42 of the United States Code.

B. *Personal Jurisdiction*

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE

A. *Claims of Plaintiff:*

The plaintiff Mansoor Ahmad suffers from a disability, to wit, dog phobia/simple phobia, which precludes him from engaging in many major life activities unless afforded the reasonable accommodation of having no contact with dogs. This fact was known to the defendants at the times they took against him and against his father the adverse actions described below. On June 10, 2011, the plaintiffs were in the taxi line at the Bradley International Airport waiting their turns to pick up passengers. A passenger with a large service dog was assigned to Mansoor Ahmad by Judith McCarthy, a dispatcher employed by the defendants Department of Transportation and Veolia Transportation Services, Inc. The plaintiff explained to Ms.

McCarthy that his phobia prevented him from taking that passenger. She ordered the plaintiff to take the passenger, shouting at him and calling him a "bloody Asian." Ms. McCarthy ordered the plaintiff to take his taxicab to the back of the line and summoned police. The passenger was assigned to the next cab in line. By ordering the plaintiff to the end of the line, instead of permitting him to take the next passenger, Ms. McCarthy caused him to suffer substantial economic loss because typically cabs must wait in line for hours before reaching the front of the line. The plaintiff Mansoor Ahmad was thereupon terminated from his employment by the defendants and his certificate was revoked by the Department of Transportation without notice or hearing. The plaintiff Naveed Ahmad objected to the adverse actions against his son, explaining that his son suffered from the above-described disability which prevented him from transporting a large service dog. In retaliation for his objections, the defendants also terminated his employment and the Department of Transportation revoked his certificate without notice or hearing. As a result, both plaintiffs have suffered economic losses and emotional distress.

B. *Defenses and Claims:*

**Defendant Yellow Cab's Defenses and Claims**:

Defendant Yellow Cab has moved to dismiss the claims against it on the grounds that it was not the plaintiffs' employer under the Connecticut Fair Employment Practices Act ("CFEPA,") Connecticut General Statutes §§ 46a-60, et seq., the Americans with Disabilities Act of 1990 ("ADA,") 42 U.S.C. §§ 12111, et seq., or any other applicable statute, and also that Plaintiffs fail to state facts sufficient to constitute a cause of action and/or a claim for which relief can be granted. As of the filing of this report, Defendant Yellow Cab has yet to answer the Complaint as it has filed a motion to dismiss which is still pending. Defendant Yellow Cab

reserves the right to supplement its defenses and claims if the Plaintiffs' claims against it are not dismissed.

**Defendant DOT's Defenses and Claims:**

Defendant DOT has moved to dismiss the claims against it on the grounds that it was not the plaintiff's employer, that dog phobia is not a disability under the Rehabilitation Act, that plaintiff cannot recover money damages under the Rehabilitation Act and that plaintiff did not have standing to obtain injunctive relief. As of the filing of this report, Defendant DOT has yet to answer the Complaint as it has filed a motion to dismiss which is still pending. Defendant DOT reserves the right to supplement its defenses and claims if the Plaintiffs' claims against it are not dismissed.

**Defendant Veolia's Defenses and Claims:**

1. Veolia was not Plaintiffs' employer or an agent of plaintiffs' employer under the Connecticut Fair Employment Practices Act, the Americans with Disabilities Act of 1990, 42 U.S.C. et seq. (ADA), 42 U.S.C. and 1988 or any other applicable statute.

2. Plaintiffs fail to state facts sufficient to constitute a cause of action and/or a claim for which relief can be granted.

3. Veolia was not acting under color of state law.

As of the filing of this report, Veolia has yet to answer the Complaint as it has filed a motion to dismiss which is still pending. Defendant Veolia reserves the right to supplement its defenses and claims if the Plaintiffs' claims against it are not dismissed**.**

**IV.  STATEMENT OF UNDISPUTED FACTS:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  At this time, all material facts are in dispute.

**V.  CASE MANAGEMENT PLAN:**

A.  *Standing Order on Scheduling in Civil Cases*

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:  The Parties seek to stay all discovery and pretrial obligations (other than any deadlines regarding the filing of motions to dismiss and the deadlines regarding Yellow's Cab's Requests for Admission which were previously served) until the Court issues a decision on the pending motions to dismiss.  Thereafter, if the motions to dismiss are not granted, the Parties seek to complete discovery within six months (6) months after the Court issues decisions on the motions to dismiss, with dispositive motions to be filed within two (2) months thereafter.

B.  *Scheduling Conference with the Court*

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  *Early Settlement Conference*

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unknown at this time.

2.  The parties do not request an early settlement conference at this time.

3.  The parties prefer a settlement conference with a United States Magistrate Judge.

  4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. *Joinder of Parties and Amendment of Pleadings*

  Not required at this time.

E. *Discovery*

  1. The parties anticipate that discovery will be needed on the following subjects:

   a. all subjects and issues fairly arising out of the claims of Plaintiffs' Complaint;

   b. all subjects and issues fairly arising out of Defendants' defenses to Plaintiffs' claims;

   c. Plaintiffs' employment history and performance;

   d. Plaintiff Mansoor Ahmad's medical history;

   e. Plaintiffs' claims for compensatory damages and, to the extent they include claims for emotional distress, all medical documentation related to such claims;

   f. Plaintiffs' treatment for any alleged psychological and emotional distress and/or other injury, if any;

   g. Plaintiffs' efforts to mitigate their alleged damages and obtain employment;

   h. Whether Veolia was acting under "color of state law"; and

   i. Plaintiffs' alleged damages.

**The parties reserve the right to object in response to any specific discovery request and no waiver of any such objection is intended herein. The parties agree that Initial Disclosures pursuant to Fed R. Civ. P. 26(a)(1) will be waived.**

2. All discovery (except for responses or objections to Yellow Cab's Requests for Admission), including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be stayed until the Court issues decisions on the pending motions to dismiss. To the extent the motions to dismiss are denied, all discovery will be completed within 6 months of the date the parties receive notice of the Court's decision.

3. Discovery will not be conducted in phases.

4. The parties anticipate that Plaintiff will require a total of 3 depositions of fact witnesses and Defendants will require a total of 5 depositions of fact witnesses. The depositions may commence after the Court issues a decision on the pending motions to dismiss, and will be completed within 6 months of the date the parties receive notice of the Court's decision.

5. The parties do not anticipate the need to serve more than twenty-five (25) interrogatories, but reserve the right to request permission from the Court to exceed that limit.

6. Plaintiff reserves the right to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) within three months after the parties receive notice of the Court's decision on the pending motions to dismiss. Depositions of any such experts will be completed within four months after the parties receive notice of the Court's decision on the pending motions to dismiss.

7. Defendants reserve the right to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts

pursuant to Fed. R. Civ. P. 26(a)(2) within five months after the parties receive notice of the Court's decision on the pending motions to dismiss. Depositions of such experts will be completed within six months after the parties receive notice of the Court's decision on the pending motions to dismiss.

      8. A damages analysis will be provided by any party who has a claim or counterclaim for damages within 1 month after the parties receive notice of the Court's decision on the pending motions to dismiss.

      9. Undersigned counsel have discussed the disclosure and preservation of electronically stored information ("ESI"), including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties do not currently anticipate that significant discovery of ESI will be needed. To the extent that discovery of ESI is needed, the parties agree to the following:

    A.    The parties will take reasonable steps to preserve relevant and responsive ESI. By agreeing to preserve potentially discoverable ESI, the parties are not waiving any objection to the ultimate discoverability of such information.

    B.    To the extent that discovery of ESI is taken, the parties will attempt to agree upon appropriate search terms that are reasonably calculated to lead to the discovery of admissible evidence.

    C.    The producing party has the burden of conducting a reasonable, good faith review and retrieval of accessible, relevant, responsive ESI for privilege or production.

    D.    The parties agree that there is a presumption that each party will bear the costs of retrieving, assembling and producing the discoverable information in its possession, but that the producing party reserves the right to seek

        protection against excessive or disproportional costs or burden in accordance with Rule 26(b)(2)(c) and to challenge claims of relevance or responsiveness.

    E.    If a party responding believes that compliance with a discovery request will result in undue burden or expense and it intends to seek an order from the Court to shift the cost of responding to the requesting party, such a motion will only be filed after the parties have conferred in good faith concerning the matter, and before the responding party incurs the costs that it intends to ask the Court to shift to the requesting party.

    10.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product production, including procedures for asserting privilege claims after production.  The party claiming inadvertent disclosure of privileged documents or attorney work-product shall notify opposing counsel of the inadvertent disclosure with specific identification of the document(s) at issue.  If a document appears on its face to be subject to attorney-client privilege or to constitute attorney work product, the document and all copies shall be returned to the requesting counsel and shall not be used or referred to in any manner in litigation.  If counsel cannot agree as to the privileged status or work product status of the document, the document at issue will be submitted to the U.S. Magistrate Judge for in camera inspection and determination.

F.  *Dispositive Motions:*

    Dispositive motions will be filed within eight months of the date from which the parties receive notice of the Court's decision on the pending motions to dismiss.  Opposition(s) to dispositive motions will be due 30 days thereafter.

G.  *Joint Trial Memorandum*

    The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed sixty (60) days after this court rules on any summary judgment motion, or forty-five (45) days from the close of discovery if dispositive motions are not filed.

## IV. TRIAL READINESS

The case will be ready for trial sixty (60) days after the joint trial memorandum is filed.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: April 3, 2013

        **Defendant**
        **Veolia Transportation Services, Inc.**
        By: /s/      Megan Youngling Carannante
        Megan Youngling Carannante (ct27680)
        Joshua A. Hawks-Ladds (ct09446)
        Pullman & Comley, LLC
        90 State House Square
        Hartford, CT  06103-3702
        Telephone (860) 424-4300
        Facsimile (860) 424-4370
        E-mail:  jhawks-ladds@pullcom.com
                mcarannante@pullcom.com
        and

        Michael Tiliakos (admitted pro hac vice)
        DUANE MORRIS LLP
        1540 Broadway
        New York, New York 10036
        Telephone (212) 692-1045
        Facsimile (212) 202-6231
        E-mail: MTiliakos@duanemorris.com

        **Defendant**
        **Yellow Cab Company of New London and Groton, Inc.**
        By: /s/ Mary Alice Moore Leonhardt
        Mary Alice Moore Leonhardt
        Moore Leonhardt & Assoc LLC
        102 Oak Street
        Hartford, CT 06106
        860-727-8874
        Fax: 860-525-2194
        Email: ma@mooreleonhardt.com

**Defendant**
**State of Connecticut Department of Transportation**
By: /s/ Ann E. Lynch
Ann E. Lynch
Attorney General's Office - Elm St (Htfd)
55 Elm St., PO Box 120
Hartford, CT 06101-0120
860-808-5340
Fax: 860-808-5383
Email: Ann.Lynch@ct.gov

**Plaintiffs**
**Mansoor Ahmad and Naveed Ahmad**
By: /s/ John R. Williams
John R. Williams
51 Elm St., Ste. 409
New Haven, CT 06510
203-562-9931
Fax: 203-776-9494
Email: jrw@johnrwilliams.com

**Certificate of Service**

I hereby certify that on April 3, 2013 a copy of the foregoing 26(f) report was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.


**John R. Williams**
51 Elm St., Ste. 409
New Haven, CT 06510
203-562-9931
Fax: 203-776-9494
Email: jrw@johnrwilliams.com

**Mary Alice Moore Leonhardt**
Moore Leonhardt & Assoc LLC
102 Oak Street
Hartford, CT 06106
860-727-8874
Fax: 860-525-2194
Email: ma@mooreleonhardt.com

**Ann E. Lynch**
Attorney General's Office - Elm St (Htfd)
55 Elm St., PO Box 120
Hartford, CT 06101-0120
860-808-5340
Fax: 860-808-5383
Email: Ann.Lynch@ct.gov


　　　　　　　　　　　　　　　　　　/s/     Megan Youngling Carannante
　　　　　　　　　　　　　　　　　　Megan Youngling Carannante